OPINION
On January 30, 1995, the Stark County Grand Jury indicted appellant, Wallace Tolley, on one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving a five year old girl. On April 5, 1995, appellant pled guilty as charged. By judgment entry filed May 18, 1995, the trial court sentenced appellant to an indeterminate term of eight to twenty-five years in prison. On March 22, 2000, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed March 24, 2000, the trial court classified appellant as a "sexual predator." Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
This court has previously reviewed these arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We note at the outset that a transcript of the March 22, 2000 classification hearing was not filed for our review. However, we find sufficient evidence in the record in toto to support the trial court's determination. On April 5, 1995, appellant pled guilty to one count of rape and one count of gross sexual imposition. The bill of particulars filed February 23, 1995 indicates appellant, as a continuing course of conduct from May 1, 1994 to June 3, 1994, engaged in fellatio with a girl less than thirteen years of age. Appellant also fondled the victim's vaginal area and did cause the victim to fondle his genital area. At the time of the incidents, appellant was sixty years old and the victim was five years old. See, Appellant's Taped Statement attached to Appellant's Brief as Exhibit A-3 at 1. Appellant was in a position of trust and authority as he was victim's babysitter. Id. at 3. The acts of fellatio occurred "about a dozen times." Id. at 10. A risk assessment report from Melymbrosia Associates, Inc. notes appellant "represents a moderate to high risk for the community." See, Letter from Melymbrosia Associates, Inc. attached to Appellant's January 22, 1997 Motion to Suspend Further Execution of Sentence as Defendant's Exhibit A. The report further states appellant "has a long history of sexual dysfunction problems" and "it is clear that his behavior was focused, was purely intended for his own personal enjoyment and was in fact most pervasive in his life. It is hard to believe that a man who has not engaged in any inappropriate sexual behavior for more than twenty years, would re-engage so quickly and so vigorously with such a young child." Id. The psychological assessment notes appellant "has had problems in the area of sexual adequacy for years and he would be at high risk for re-offending if given the opportunity." Id. Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Wise, J. and Edwards, J. concur.